Law Offices of
**DOUGLAS H. DRAKE**
State Bar #5254
77-6469 Ali'i Drive # 136
Kailua-Kona  HI 96740
(916) 212-4490
capndrakehawaiibar2@konacondo.biz

Creditor IN PRO SE


### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF HAWAII

| | | |
|---|---|---|
| In Re: | ) | Case No.: 11-00946 |
| | ) | |
|    DIANA DANMEYER GASPAR | ) | CHAPTER 11 |
|    also known as | ) | |
|    DIANA ROBERTA DANMEYER, | ) | |
|    DIANA R DANMEYER-GASPAR | ) | **MOTION FOR RELIEF FROM STAY;** |
| | ) | **MEMORANDUM OF LAW** |
|           Debtor. | ) | **[11 USC § 362(d)(1) and (2)]** |
| | ) | |
| | ) | |
| | ) | DATE:     April 19, 2011 |
| | ) | TIME:     9:30 a.m. |
| | ) | DEPT.:    3rd Floor Court |
| | ) | JUDGE:   Robert J. Faris |
| | ) | |

\_\_

TO: UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, AND ALL

INTERESTED PARTIES:

    Douglas H. Drake ("Movant"), requests relief from the

1

automatic stay pursuant to 11 USC § 362(d)(1) and (2) to permit Movant to foreclose on his collateral, being that certain parcel of real property and furnishings hereafter described, [hereafter "real property"] pursuant to the Findings of Fact, Conclusions of Law and Interlocutory Judgment of Foreclosure and Judgment for Specific Performance on Complaint filed February 22, 2011 [hereafter "Judgment"] which was entered by the trial court, Third Circuit of Hawai'i against debtor, to continue to prosecute said action Civil No. 10-01-067K, styled *Drake vs. Internal Revenue Service, et al,* to cause any real estate commissioner appointed by the trial court, Third Circuit of Hawai'i to conduct the sale pursuant to Hawai'i law, to have the sale confirmed, to do all other things normally done to conduct a foreclosure sale of real property pursuant to Hawai'i law, and continue to prosecute and defend the appeal filed by debtor as *Drake v. Diana Gaspar, et al*, Hawai'i Intermediate Court of Appeals No. CAAP-10-0000019.

Relief from the stay is warranted pursuant to 11 USC § 362(d)(1) because Movant's interest in the Real Property is not adequately protected since Debtor is not currently making any payments, the property is subject to liens of a first mortgage, property taxes, and owners' association dues, and this property is depreciating in value. The interest on the first and second

mortgages is accruing at $9,433.06 per month. Movant is further entitled to relief from the automatic stay pursuant to 11 USC § 362(d)(2) because there is no equity in the Real Property and the Real Property is not necessary for an effective reorganization.

**THE PROPERTY**

The Property that is the subject of this motion is Real Property more particularly described as the land and improvements located at 72-1147 Ho'opai Way, Kailua-Kona, HI 96740 which acts as the security for a debt owed to Movant by Debtor which is currently in default and as of the time of the filing of this bankruptcy, the Debtor owes Movant a total of $953,252.77.

The legal description of the property is as follows:

    All of that certain parcel of land situate on the westerly side of Mamalahoa Road at Kau, North Kona, Island and County of Hawaii, State of Hawaii, being LOT 37 of the "MAKALEI ESTATES, PHASE 1", as shown on File Plan Number 2278, filed in the Bureau of Conveyances of the State of Hawaii, and containing an area of 3.001 acres, more or less.

    Together with a non-exclusive easement for access purposes in common with all others entitled thereto, in, over, across and under roadway Lots 46 through 50 of "Makalei Estates, Phase 1", as shown on File Plan No. 2278, PROVIDED, HOWEVER, that if and when in the event said Roadway Lots 46 through 50 are conveyed, transferred and dedicated to any governmental authority and accepted as public highway or road, said easement as to the lots so conveyed shall automatically cease and terminate.

Being TMK: (3) 7-2-015-037

## Movant's Lien Encumbering the Property

Movant holds a valid and perfected lien against the Property as reflected in Exhibit 1 (which Mortgage is recorded in the Bureau of Conveyances as Document 2008-084520 on May 27, 2008) and Exhibit 4 (Judgment) attached to the Declaration of Douglas H. Drake in support of this motion.

## Fair Market Value of the Property

In the related case of In Re Earl Leslie K Gaspar, Case No. 11-00110, relief from the stay was litigated and Earl, and his attorney, debtor in this case, averred the value was $700,000.00. Movant accepts this value.

## There is No Equity in the Property

The Debtor currently owes Movant $ 953,252.77 on his second mortgage. There is a first mortgage that debtor is also not paying totaling $244,186.73. There are senior liens for owners association dues of $3,051 and property taxes of $15,936.71. There is a junior lien for income tax of $2,177.91 for total liens on the property of $1,218,605.13. There is no equity in the Property. The declaration of Douglas H. Drake in support of this motion reveals that debtor and her husband, then represented by debtor, claimed the property was worth $700,000.00 as of February 16, 2011, which amount Movant will accept as true.

**LEGAL GROUNDS FOR RELIEF FROM THE AUTOMATIC STAY**

This motion is brought pursuant to 11 USC § 362(d)(1) on the grounds that the Debtor is not making any payments to the Movant, is not paying the property taxes, is not paying the senior mortgage, and is not paying the owners association dues or property taxes and therefore is not providing adequate protection to the Movant. The property was brand new after the construction was complete and is now depreciating in today's market. Also, interest on Movant's mortgage accrues at $251.34 per day and interest on the first mortgage accrues at $63.10 per day for a total of $314.44 per day or $9,433.20 per month.

This petition was filed as essentially a single creditor case, Douglas H. Drake, notwithstanding two minor credit card creditors whose combined claims are $2,632.00. Her other known creditors, the State of Hawai'i, the County of Hawai'i, Makalei Estates Owner's Association, and the Embernates were not scheduled.

Debtor's business is as an attorney.

This motion is also brought pursuant to 11 USC § 362(d)(2) on the grounds that the Debtor does not have equity in the Real Property and the Real Property is not necessary for an effective reorganization. As set forth above, the amount of Movant's lien encumbering the Real Property exceeds the fair market value of

5

the Real Property. There is no equity in the Real Property for the Debtor or the Debtor's bankruptcy estate.

11 USC § 362(d) provides:

on a request of a party in interest and after notice
and hearing, the court shall grant relief from the
stay provided under subsection (a) of this section,
such as by terminating, annulling, modifying, or
conditioning such stay ------
(1) for cause, including the lack of adequate
protection of an interest in property of such party in
interest;
(2) with respect to a stay of an act against property
under subdivision (a) of this section, if -----
(A) the Debtor does not have any equity in such
property; and
(B) such property is not necessary to an effective
reorganization;...

Although Movant has the burden of proof that the Debtor does not have any equity in the Real Property, debtor bears the burden of proof on all other issues, including adequate protection, whether the Real Property is necessary to an effective reorganization, and whether there is "cause" for relief from the automatic stay. In re: Sun Valley Ranches, Inc. 823 F.2d 773, 776 (9th Cir.1987). Movant is entitled to relief under either standard because its interest in the Real Property is not adequately protected and the Debtor has no equity in the Real Property, nor is there any prospect for an effective reorganization.

Movant is currently in possession of the Real Property. The petition was filed hours before a real estate commissioner

appointed in the Third Circuit Court of Hawaii was to conduct a foreclosure auction. The Real Property is not necessary for an effective reorganization of the Debtor because the Debtor has no inability to reorganize that would involve a parcel of real property with no equity and to which she does not have possession.

## CONCLUSION

Based upon the foregoing, Movant respectfully requests this court grant its Motion for Relief from the Automatic Stay and prays for relief as follows:

1. For an order terminating the automatic bankruptcy stay;

2. For an order permitting Movant to enforce all of his rights pursuant to his mortgage, and the Judgment, and to continue to prosecute said action in the Third Circuit Court, to cause any real estate commissioner appointed by the trial court, Third Circuit of Hawai'i to conduct the sale pursuant to Hawai'i law, to have the sale confirmed, and to do all other things normally done to conduct a foreclosure sale of real property pursuant to Hawai'i law, any other rights afforded Movant under applicable Hawaii law, and to continue to prosecute the appeal filed by debtor.

3. Waiving time limits of Rule 4001(a)(3); and

4. Granting Movant such other and further relief as the court may deem just and proper and as provided in the Local Rules, specifically the following:

(A) No deficiency judgment or other money judgment may be entered against the debtor unless and until the bankruptcy court enters an order

(i) denying the debtor a discharge;

(ii) determining that the debt owed to the moving party is not dischargeable,

(iii) dismissing the case prior to the entry of a discharge, or

(iv) expressly authorizing the entry of such a judgment;

(B) If the subject property is sold and the proceeds exceed the amount of the secured claim(s), the moving party must turn over the surplus proceeds to the trustee;

(C) The secured portion of any proof of claim filed by the moving party with respect to the subject property is deemed withdrawn and the moving party may seek collection of any unsecured deficiency amount only by filing a proof of claim under § 501, or by amending a previously filed proof of claim;

(D) The order will remain effective despite the conversion of the case to one under another chapter;

(E) The order is limited to granting relief from the

automatic stay and/or the codebtor stay under the Bankruptcy Code and does not determine any issues concerning any rights, claims, remedies, or defenses of the moving party, the debtor, or any other party

DATED:   April 6, 2011   LAW OFFICES OF DOUGLAS H. DRAKE


                                  By: /s/ Douglas H. Drake
                                      DOUGLAS H. DRAKE
                                      Attorney at Law
                                      IN PRO SE

CERTIFICATE

I CERTIFY THAT THIS MEMORANDUM CONTAINS 1,747 WORDS.

                                  /s/ Douglas H. Drake
                                  DOUGLAS H. DRAKE